UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND C. CARP,
# 623369,

    Petitioner,

Case No. 10-cv-13721

HONORABLE STEPHEN J. MURPHY, III

v.

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER GRANTING
PETITIONER'S MOTION TO STAY HABEAS PROCEEDINGS
(docket no. 2), AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner, Raymond C. Carp, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. Carp, who is currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, challenges his convictions for first-degree murder, armed robbery, larceny in a building, and larceny of property worth more than $1000 but less than $20,000, by a St. Clair County, Michigan, circuit court jury. He was sentenced to life in prison without parole for the murder conviction, fifteen to thirty years in prison for the armed-robbery conviction, one to four years in prison for the larceny-in-a-building conviction, and one to five years in prison for larceny-of-$1000-or-more conviction.

Along with the habeas petition, Carp also filed a "Motion for Stay and Abeyance of Petition for Writ of Habeas Corpus." *See* docket no. 2. The motion states that the instant habeas petition contains both exhausted and unexhausted claims, and that Carp has already filed a motion in state court for relief from judgment, pursuant to Michigan Court Rule 6.500, *et.seq.*, in an attempt to fully exhaust the unexhausted claims, which relate to the ineffective assistance of trial counsel, unconstitutionality of a sentence of a juvenile to

life without parole, and the violation of his due process right to a fair trial. He asks the Court to stay the proceedings until the state courts resolve his motion.

The Court will grant Carp's motion, and will hold the petition in abeyance, with conditions, until his state-court remedies have been exhausted.

## BACKGROUND AND PROCEDURAL HISTORY

Following his convictions and sentences, Carp filed an appeal of right with the Michigan Court of Appeals, raising six claims of error: (1) the trial court erred in denying the defense's request to permit a defense of duress, (2) the trial court erred in excluding evidence of a co-defendant's threats against Carp, (3) prosecutorial misconduct in the form of improper cross-examination, (4) prosecutorial misconduct in the form of eliciting improper testimony and denigrating defense during closing arguments, (5) the admission of certain photographs were prejudicial, and (6) double jeopardy as to the conviction on felony murder and the underlying predicate felonies. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Carp*, No. 275084, 2008 WL 5429890 (Mich. Ct. App. Dec. 30, 2008). Carp then filed an application for leave to appeal that decision with the Michigan Supreme Court, raising all issues raised before the Court of Appeals except issues four and six. The Michigan Supreme Court denied his application on June 23, 2009 stating only that it was "not persuaded that the questions presented should be reviewed by this Court". *People v. Carp*, 483 Mich. 1111, 1111 (2009).

Carp did not file a writ of certiorari with the United States Supreme Court.

In the pending habeas petition, Carp raises seven issues, only two of which were raised in his direct appeal. The remaining five issues were raised in his motion for relief from judgment currently pending before the state trial court.

**DISCUSSION**

Generally, a federal court may not grant habeas corpus relief on a claim that was not raised and decided first in state court. 28 U.S.C. § 2254(b)(1); *see Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("*Habeas corpus* relief is available only if the applicant first exhausts remedies available in state court.") (italics in original). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Federal district courts may not adjudicate so-called "mixed petitions" that contain exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982). Accordingly, when faced with a mixed petition, a district court generally must dismiss the petition without prejudice, or permit the petitioner to delete the unexhausted claims from the petition. *Id.*; *Lundy*, 455 U.S. at 520. AEDPA's one-year statute of limitations – not in existence when the court adopted the "total exhaustion" requirement in *Lundy* – poses a problem, however:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines*, 544 U.S. at 275.

Accordingly, the Supreme Court in *Rhines* approved of the stay-and-abeyance procedure, in limited circumstances, by which a petitioner could file a mixed petition and

3

ask the district court to stay the proceedings and hold the petition in abeyance while the petitioner returns to state court to exhaust the previously unexhausted claims. *Rhines*, 544 U.S. at 278; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)) (prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court [and ask] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."). While a "properly filed" motion for post-conviction relief in state court tolls the one-year statute of limitations, an error in filing the motion might result in it being "[im]properly filed," in which case the statute is not tolled. Protective petitions may be appropriate in these situations, and courts, rather than dismissing the mixed petition, should stay proceedings and hold the petitions in abeyance. *Pace*, 544 U.S. at 416.

In *Rhines*, the United States Supreme Court discussed the circumstances in which a district court should employ the stay-and-abeyance procedure. Specifically, a stay "is appropriate only when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 277. Denying a stay in a case where these criteria are satisfied is an abuse of discretion. *Id.* at 278.

Applying *Pace* and *Rhines* here, the Court finds stay and abeyance is appropriate. The Court notes that the statute of limitations has not yet run. Had Carp not filed his motion for post-conviction relief in state court, the limitations period would have run on September 21, 2010, one year after his judgment became final. But, because Carp did file a motion for relief on September 17, 2010, the limitations period was statutorily tolled as

4

of that date, leaving four days left in the period. 28 U.S.C. § 2244(d)(2). Still, were the Court to dismiss the mixed petition, and the state court to deny his motion, that would permit Carp only four days to re-file his petition as of the date the state court denied the motion, not a lot of time in the Court's view, especially if the state appellate court were to deny relief on a Friday preceding a federal holiday, or notice of the decision took more than four days to arrive in the mail. Moreover, if Carp made any inadvertent errors in filing his state court motion such that the motion was not "properly filed," statutory tolling would not be available, and any newly filed habeas petition would be time-barred, even were he to file a new petition the same day relief in state court were denied. *Pace* suggests that a protective petition is appropriate in this case so long as the *Rhines* requirements are established.

The Court finds Carp has demonstrated good cause for his failure to exhaust his claims before the state courts. *Rhines*, 544 U.S. at 277. Carp's trial counsel, who also prosecuted Carp's direct appeal, failed to raise the unexhausted claims on direct appeal. Carp argues that this failure rendered the representation constitutionally defective. It is true that "[i]neffectiveness of appellate counsel can suffice to show sufficient cause and prejudice for a failure to raise an ineffective-assistance-of-counsel claim." *Howard v. Bouchard*, 405 F.3d 459, 479 (6th Cir. 2005) (discussing the requirement of cause and prejudice necessary to overcome a procedural default, a higher standard than the good cause requirement for stay and abeyance). Though the Court does not here decide on the merits whether appellate counsel was ineffective, it finds that for purposes of permitting a stay, Carp's allegations sufficiently demonstrate good cause for his failure to raise the unexhausted issues on direct appeal. *See Lanton v. Lafler*, No. 2:06-CV-11103, 2007 2780552, *2 (E.D. Mich. Sept. 24, 2007) (Steeh, J.) ("[T]he bench in this district has found

in at least three instances that an appellate counsel's alleged ineffective assistance for failing to raise a claim on a habeas petitioner's direct appeal constituted 'good cause' and warranted holding the petition in abeyance pending the petitioner's return to the state courts"; citing cases); *see also Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000) (appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal).

Moreover, a "reasonable confusion" of the petitioner about whether a state filing would be timely, and thus "properly filed," will ordinarily constitute good cause for him to file a protective petition in federal court. *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). Though Carp does not identify exactly why his pending motion in state court might be improperly filed, counsel does note at least the possibility that the state court might consider it improperly filed. In that event, were the Court to dismiss the instant petition without prejudice, any subsequent petition would be time-barred. In any event, given the Court's broad discretion in permitting a stay, it finds that Carp has sufficiently identified good cause for his failure to exhaust his unexhausted claims on direct appeal.

Furthermore, upon a cursory review of the substance of the unexhausted issues, the Court does not find the claims "plainly meritless." *Rhines*, 544 U.S. at 277.

Finally, it does not appear that Carp has engaged in "abusive litigation tactics or intentional delay" in failing to file earlier his petition and post-conviction motion. *Rhines*, 544 U.S. at 278. Counsel asserts that although the instant petition and the state court motion seeking post-conviction relief were filed just three or four days prior to the end of the one-year period, that delay is attributable to thorough investigation and legal research by counsel before filing the petition and motion, in an effort to maximize success before the state and (if necessary) federal courts. The Court appreciates such efforts to streamline

rather than burden the state and federal judicial systems.

For these reasons, the Court finds a stay is warranted, and will grant the motion, conditioned on Carp's return to federal court no later than 60 days after exhausting his claims in state court.

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Carp's "Motion for Stay and Abeyance of Petition for Writ of Habeas Corpus" (docket no. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the proceedings are **STAYED** and the petition **HELD IN ABEYANCE** pending Carp's exhaustion of his state-court remedies. Carp must return to this Court within sixty (60) days of exhausting his claims and file a motion to lift the stay. Failure to do so will result in dismissal of the petition.

**IT IS FURTHER ORDERED** that the matter is **CLOSED FOR ADMINISTRATIVE PURPOSES.** This does not constitute a decision on the merits of the case.

**SO ORDERED**.


        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: October 8, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 8, 2010, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager